

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2009

# Tjiong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Tjiong v. Atty Gen USA" (2009). *2009 Decisions*. Paper 2060.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2060

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2117
_____

SHERLA A. TJIONG; IBNU TOHIR,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of Order of the
Board of Immigration Appeals
(Agency Nos. A96-257-413;  A96-257-414)
Immigration Judge:  Hon. Rosalind K. Malloy

_____

_____

Submitted under Third Circuit LAR 34.1(a)
on October 8, 2008

Before:  MCKEE, NYGAARD and ROTH, Circuit Judges

Opinion filed: January 12, 2009

_____

O P I N I O N
_____

1

PER CURIAM:

The petitioners, citizens of Indonesia, seek review of a final order of the Board of Immigration Appeals ("BIA"). For the following reasons, we will deny the petition for review.

I.

The petitioners, who are married, entered the United States in 2001. They were served with notices to appear on April 18, 2003, charging them with being removal under INA § 237(a)(1)(B). While they conceded that they were removable as charged, the lead respondent, Tjiong, filed an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT")[1] on February 26, 2003. Her husband, Tohir, filed his application for asylum and related relief on October 14, 2003. They claimed that they had been persecuted in Indonesia due to their status as ethnic-Chinese Christians.

At the petitioners' 2005 removal proceeding, they waived their right to testify and proceeded solely on their affidavits. Both petitioners' affidavits described life-long harassment and discrimination by Muslim Indonesians. The seminal moment in their experience as ethnic-Chinese Christians in Indonesia was the May 1998 riots, which they claim that the police were unable to control. During the riot, Tjiong was trapped in her office

---

[1]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, 8 U.S.C. § 1231.

2

with other workers because the streets were dangerous. Eventually, people began yelling "Chink come out," and a window in the building was broken as the building was stoned. Tohir, on the other hand, listened on the radio to reports of the riot, left work and returned to his house. Tjiong and others in his housing development gathered with weapons to protect their homes, which, in the end, were not attacked. The next incident occurred in November 1998, when Muslim Indonesians burned churches in Jakarta. When the unrest began, the petitioners were at home. Tohir and his neighbors again protected their homes, and Tjiong stated that the police protected her neighbor's house, which is where the women and children hid. Although general unrest in Indonesia occurred in 1999 and 2000, the petitioners did not claim to be directly affected. However, in January 2001, the petitioners became unable to attend their church because of threats from an Islamic organization. The petitioners do not claim that the church building was harmed, but stated that had to leave the church during the middle of services because a group of Muslim Indonesians had gathered outside, whom they did not believe that the police could control.

The Immigration Judge ("IJ") denied all relief except for voluntary departure. The IJ denied the asylum applications as untimely, and found that the petitioners did not establish that they were eligible for withholding of removal or CAT relief. In particular, the IJ observed that the petitioners were not physically injured during any of the incidents, and that they failed to demonstrate that they were persecuted on any protected ground because the incidents were part of the general civil strife in Indonesia.

3

On March 13, 2007, the BIA affirmed the IJ's decision. It found that the IJ properly determined that the asylum applications were untimely filed, and agreed with the IJ's "ultimate conclusion" that the petitioners did not establish past persecution or a clear probability of future persecution. The BIA noted that that the petitioners were never physically harmed and that during the November 1998 incident the police protected the house where Tjiong hid. The BIA concluded that, while the incidents were "unfortunate", the petitioners did not meet the requirements for withholding of removal. The BIA further determined that the petitioners failed to demonstrate their eligibility for CAT relief, finding that the police protection in the November 1998 incident and the police response (though ineffectual) to the January 2001 incident demonstrated that the government was not willfully blind to torturous activity. See Silvia-Rengifo v. Att'y Gen., 473 F.3d 58, 70 (3d Cir. 2007).

II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Here, our jurisdiction is limited to review of the denial of withholding of removal and CAT relief, as we do not have jurisdiction to review the denial of the petitioners' applications for asylum as untimely. See Sukwanputra v. Gonzales, 434 F.3d 627, 633-35 (3d Cir. 2006). Under the circumstances of this case, we review only the BIA's opinion. See Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). We will uphold its findings to the extent they are "supported by reasonable, substantial and probative evidence on the record as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003).

4

We will deny the petition for review because the petitioners are not entitled to withholding of removal or CAT relief. To obtain withholding of removal, the petitioners were required to demonstrate that it is more likely than not that their lives or freedom would be threatened in Indonesia on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); Miah, 346 F.3d 434, 439 (3d Cir. 2003). For relief under the CAT, they had to demonstrate that it is more likely than not that they would be tortured if removed to Indonesia. 8 C.F.R. § 208.16(c)(2).

The BIA held that the incidents that Tjiong complained of did not establish a clear probability of persecution in Indonesia. We find no error in the BIA's conclusion that the incidents complained of, although serious and undoubtedly frightening, do not amount to persecution, or demonstrate that it is more likely than not that the petitioners will be persecuted if removed to Indonesia. Neither petitioner ever suffered any physical harm. Witnessing the 1998 riots and other violent incidents that occurred in Indonesia does not warrant a finding that the petitioners suffered sufficiently severe harm to constitute persecution. See Singh v. INS, 134 F.3d 962, 967 (9th Cir. 1998) (general violence does not rise to the level of persecution); see also Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). Similarly, the petitioners were not injured when their church was threatened, and they do not claim that there was any damage to the church building. Such an incident does not constitute persecution.

We also find that substantial evidence supported the BIA's determination that the

petitioners were not eligible for CAT relief, as they did not establish government acquiescence relating to an act of torture, nor to any torture inflicted in general. See 8 C.F.R. § 208.16(c)(2).